**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DONNA RENEE SMITH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** § § § § | |
| **Plaintiff,** § | Civil Action No. _____ |
| § | |
| **v.** § | |
| § | |
| **WOODSPRING HOTELS, LLC AND WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC** § § § § § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff DONNA RENEE SMITH, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff worked for Defendants as a Safety Attendant at Defendants' hotel/motel. She began working in October of 2013 making $8.00 per hour and continued to work for Defendants

until February of 2016.  When Plaintiff left Defendants' employment, she was making $8.50 per hour.

3.      Plaintiff, and those similarly situated, routinely worked in excess of 40 hours per week but were not paid all of their overtime wages for doing so because Defendants forced them to work off the clock.  Plaintiff files this suit on behalf of herself and all other similarly-situated former and current Safety Attendants for WOODSPRING HOTELS, LLC, formerly known as Value Place, LLC and Woodspring Suites, LLC, and WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC, formerly known as Value Place Property Management, LLC and Woodspring Suites Property Management, LLC, Defendants (hereinafter referred to as "Value Place").  Defendants violated the FLSA by failing to pay employees for all hours of work at the rates required by the FLSA.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.    PARTIES

4.      Plaintiff DONNA RENEE SMITH is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

5.      Plaintiff and "Class Members" are Defendants' current and former employees who worked for WOODSPRING HOTELS, LLC and WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC at the Value Place Hotel located at 3210 SSW Loop 323 in Tyler, Texas, who were Safety Attendants for Defendants' hotel/motel, and who were forced to work off the clock handling various guest services.

6.      Defendant WOODSPRING HOTELS, LLC employed Plaintiffs and is a foreign limited liability company organized in the State of Delaware which is a part of an enterprise engaged in

commerce and subject to the FLSA.  Defendant WOODSPRING HOTELS, LLC transacts business throughout the United States, including in the State of Texas and is within the personal jurisdiction of this Court. Defendant WOODSPRING HOTELS, LLC may be served by serving its registered agent, **Harvey R. Sorensen, 1551 N. Waterfront Parkway, Suite 100, Wichita, Kansas 67206.**

7. Defendant WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC jointly employed Plaintiffs and is a Kansas limited liability company which is a part of an enterprise engaged in commerce and subject to the FLSA.  Defendant WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC transacts business throughout the United States, including in the State of Texas and is within the personal jurisdiction of this Court. Defendant WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC may be served by serving its registered agent, **Karen Pickens, 8621 E. 21st Street North, Suite 250, Wichita, Kansas 67206.**

### III.   JURISDICTION AND VENUE

8. This court has jurisdiction over the causes of action alleged by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  This Court further has jurisdiction over this matter under 28 U.S.C. § 1331 (federal question).

9. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

### IV.   FACTS

10. Defendants WOODSPRING HOTELS, LLC and WOODSPRING HOTELS PROPERTY MANAGEMENT, LLC ("Value Place") operate a successful hotel/motel business with over 150

locations. On its website, it boasts of offering its customers with astonishing clean, furnished suites with an in-room kitchen at a low weekly rate.

11. In 2013, Plaintiff DONNA RENEE SMITH applied to join the Value Place team, and WOODSPRING SUITES, LLC FORMERLY KNOWN AS VALUE PLACE, LLC hired Plaintiff as a Safety Attendants at it Tyler, Texas location.

12. As Safety Attendants, Plaintiff was subject to the direct control and direction of the Defendants and did not engage in managerial duties nor was she equipped with managerial authority. Rather, Plaintiff was a nonexempt employee for purposes of the Fair Labor Standards Act.

13. Upon hire, Value Place told Plaintiff DONNA RENEE SMITH that she was required to work at least 40 hours every week. Value Place promised Plaintiff payment of $300.00 per week for 40 hours of work, or $8.00 per hour, plus incentives. These incentives consisted of property housing including local phone service, internet and all utilities paid, and a $10.00 performance bonus for each sale.

14. Additionally, upon hire, Value Place presented Plaintiff with a Memo of Understanding which she was required to read and sign to indicate her understanding of the method by which her wages would be calculated by Value Place. The Memo of Understanding stated in part as follows:

> "I understand that I am paid on an hourly basis and will also receive overtime pay, when I work more than 40 hours in any one work week, (unless state law is different). The company pays bi-weekly; 26 times per calendar year. You are required to have a direct deposit to your checking or saving account, or to a company issued payroll debit card. I also understand that the reasonable cost of the room provided for me is used to calculate my overtime pay. The reasonable cost of the room in 2014 is $2.74 per hour. See the example below for an employee who lives on the property earning $8.00 per hour who works 45 hours in one week: **($8.00 X 40) + ($8.00 + 2.74 X 1.5)\*5 or $320.00 + $80.55 = $400.55.**"

15.     Plaintiff routinely worked more than 40 hours a week during her employment with Value Place. In fact, she averaged over 40 hours per week working at least 6 days a week.

16.     Value Place should have paid Plaintiff time and one-half for any and all of her overtime hours pursuant to the Fair Labor Standards Act. However, Value Place failed to properly compensate Plaintiff for her overtime hours.

17.     Additionally, as part of the terms of her employment, Value Place required that Plaintiff be available "on-call" at least every other weekend. During the days and nights that Value Place required that Plaintiff be on "on-call" duty, she was severely restricted in her activities and required to stay within 30 minutes of her job location at all times.

18.     Value Place did not compensate Plaintiff for any of the time it required her to be "on-call" but, by law, Value Place was required to compensate Plaintiff for such time.

19.     Further, when Plaintiff was hired by Value Place, she was given a list of job duties for a Safety Attendant on "active status," and was told that at other times during the week, the Safety Attendant would be completely relieved of duties and requirements. However, Plaintiff was required to do "rounds" three times per day, re-key rooms whenever needed, reprogram doors when needed, take telephone calls as needed, assist with guest complaints and problems with other guests, and handle other guest related services while she was on "off-duty" status and without compensation. In fact, Plaintiff was instructed not to "clock-in" while performing these duties on her "off-duty" status. She was only to "clock-in" when taking reservations, counting the cash drawer and/or closing the office.

20.     No exemption or exception excuses Defendants from paying Plaintiff for all regular hours worked and time and one-half for all overtime hours. Also, during Plaintiff's employment, Defendants failed to make a good faith effort to comply with the FLSA. Instead, Defendants

knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and practice regarding unpaid hours and unpaid overtime compensation with respect to Plaintiff.

## V.  COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff and Class Members performed the same or similar job duties as one another in that they were Safety Attendants on jobsites for Defendants, and were not exempt employees under the FLSA. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid on salary basis and not compensated at time-and-a-half for all hours worked in excess of 40 hours in a work week. Thus, Class Members are owed unpaid overtime for the same reasons as Plaintiff.

22. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of having Safety Attendants be "on –call" and paying the, neither for their severely restricted "on-call" time, nor for the actual work performed for which they were not allowed to clock in. This policy or practice is/was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

## VI.  CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-

half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VII.   RELIEF SOUGHT

24. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

> Respectfully submitted,
>
> **THE MCGUIRE FIRM, PC**
> 102 N. College Ave., Suite 1030
> Tyler, Texas 75702
> Phone: 903-630-7154
> Fax: 903-630-7173
> shane@mcguirefirm.com
>
> */s/ Shane McGuire*
> **SHANE MCGUIRE**
> State Bar No. 24055940

AND

**KEITH MILLER LAW OFFICE**
100 E. Ferguson, Suite 101
Tyler, Texas 75702
(903)597-4090
(903)597-3692
keith@5974090.net

/s/*Keith Miller*
**KEITH MILLER**
State Bar No: 14093750

**ATTORNEYS FOR PLAINTIFF**